UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                  :
MICHAEL LINDEN,                                :

                            Plaintiff,              :

            -against-            :        10 Civ. 2164 (SHS)

DISTRICT COUNCIL 1707-AFSCME, AFL-CIO, :
THE SHARING COMMUNITY, INC., PAUL     :    OPINION & ORDER
ZONDERMAN, NATIONAL LABOR RELATIONS :
BOARD, AND NATIONAL LABOR RELATIONS :
BOARD OFFICE OF GENERAL COUNSEL,      :

                        Defendants.          :
------------------------------------------------------------------x
SIDNEY H. STEIN, U.S. District Judge.

    *Pro se* plaintiff Michael Linden commenced a petition in New York State Supreme Court, New York County, against his former union, District Counsel 1707-AFSCME, AFL-CIO ("District Council" or "the Union"); his former employer, The Sharing Community, Inc.; arbitrator Paul Zonderman; and the National Labor Relations Board ("NLRB") and NLRB Office of General Counsel, alleging he was wrongfully terminated. Specifically, he seeks to vacate an arbitration award that upheld the termination of his employment and to reverse the NLRB's dismissal of his unfair labor practice charge. The NLRB removed this case to federal court, and all defendants subsequently moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. For the reasons set forth below, the motions to dismiss are granted.

**I.    BACKGROUND**

    A.    <u>Linden's Employment Relationship</u>

On June 8, 2006, The Sharing Community terminated Linden's employment with it for dishonesty and falsification of work records. During his employment, Linden belonged to the District Council. That Union and The Sharing Community were both parties to a collective bargaining agreement. (Collective Bargaining Agreement dated June 4, 1997 ("CBA"), Ex. A to District Council's Mot. to Dismiss.) The CBA sets forth specific procedures for an employee to file a grievance against his employer. That grievance procedure may culminate in "final and binding" arbitration. (*Id.* at XI.)

B.   Arbitration

Following Linden's termination, the District Council represented Linden in the grievance process. On January 31, 2008, Linden signed a settlement agreement with The Sharing Community, but he subsequently successfully revoked his acceptance of that agreement. (Linden Aff. in Opp. to The Sharing Community's Mot. to Dismiss dated May 19, 2010, Statement of Facts at 1 ("Linden Aff.").) As a result, the arbitration went forward, and Paul Zonderman, the arbitrator, conducted hearings on March 2 and July 2, 2009. (Linden Aff.; Opinion and Award in the Arbitration Between District Council 1707, L. 215, AFSCME and The Sharing Community, Inc., Grievant Michael Linden ("Arbitration Award"), Ex. D to Pl.'s Pet. dated Mar. 5, 2010.) After the submission of legal briefs, on September 16, 2009, Zonderman issued his opinion. The arbitrator found that Linden's discharge was with "just cause," and he therefore denied Linden's grievance. (*Id.*)

C.   NLRB Action

One week before Zonderman issued his opinion, Linden filed an unfair labor practice charge with the NLRB's regional office in New York, alleging that the District Council had failed to represent him fairly in the arbitration process. (*See* Letter from NLRB Region 2 to

2

Michael Linden dated Nov. 9, 2009, Ex. A to Pl.'s Pet. dated Mar. 5, 2010.)  The NLRB's Regional Director investigated that charge and, after doing so, dismissed Linden's charge on November 9, 2009.  (*Id.*)  On November 14, 2009, Linden filed an appeal from the Regional Director's decision with the NLRB General Counsel, who two months later affirmed the dismissal and declined to issue a complaint against the Union for breach of its duty of fair representation.  (Letter from NLRB Office of General Counsel to Michael Linden dated Jan. 6, 2010, Ex. A to Pl.'s Pet. dated March 5, 2010.)

        D.        This Action

One month later, Linden commenced a petition in New York State Supreme Court seeking to vacate the Arbitration Award on the grounds that the decision was against the weight of the evidence and untimely, and that the Union did not fairly represent him.  As noted above, the NLRB properly removed the petition to this Court on the ground that the NLRB is an agency of the United States.  *See* 28 U.S.C. § 1442(a)(1).

**II.**        **DISCUSSION**

        A.        Motion to Dismiss Standard

On a Rule 12(b)(6) motion to dismiss a pleading for failure to state a claim, a court assumes the truth of all facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff.  *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 154 (2d Cir. 2006); *S.E.C. v. Lyon*, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2007).  Where, as here, a plaintiff proceeds *pro se*, the court has a special obligation to construe the pleadings liberally, reading them to raise "the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (citation and quotation marks omitted).

However, to survive a motion to dismiss a claim for relief, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). For a claim to be plausible, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, if a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id.*

B.   The General Counsel's Decision is Unreviewable

As noted, prior to bringing this lawsuit Linden filed an unfair labor practice charge against the Union with the NLRB, alleging that the Union breached its duty to represent him fairly in the arbitration. Linden now asks this Court to reverse the General Counsel's denial of his appeal from the Regional Director's decision to dismiss his charge.

However, the General Counsel's decision not to issue a complaint charging the Union with an unfair labor practice is unreviewable. No court has jurisdiction to review the General Counsel's decision to dismiss an unfair labor practice charge. *See Detroit Edison Co. v. N.L.R.B.,* 440 U.S. 301, 316 (1979) ("To be sure, the Board's General Counsel could theoretically bring a separate unfair labor practice charge against the Union, but he could also in his unreviewable discretion refuse to issue such a complaint."); *New England Health Care Emps. Union v. N.L.R.B.*, 448 F.3d 189, 193 (2d Cir. 2006) ("The General Counsel has complete 'discretion to decide whether or not to issue a complaint . . . .'"); *see also* 29 U.S.C. § 153(d). According to the Supreme Court of the United States, "Congress has delegated to the Office of General Counsel on 'behalf of the Board' the unreviewable authority to determine whether a complaint shall be filed." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 138-39 (1975) (citing 29 U.S.C. § 153(d); *Vaca v. Sipes*, 386 U.S. 171, 182 (1967)). "A court has no power to order

4

the General Counsel to issue a complaint." *Wellington Mill Div., West Point Mfg. Co. v. N.L.R.B.*, 330 F.2d 579, 591 (4th Cir. 1964).  Because the NLRB's decision is unreviewable by this—or any—Court, the NLRB and the General Counsel's motion to dismiss is granted for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

        C.        <u>The Arbitrator Has Absolute Immunity</u>

Linden also brings suit against Paul Zonderman, the arbitrator, for a variety of alleged infirmities in the arbitration process, including failure to weigh the evidence properly and failure to issue a timely decision.  However, arbitrators themselves are absolutely immune from civil liability "for all acts within the scope of the arbitral process." *Austern v. Chicago Bd. Options Exchange, Inc.*, 898 F.2d 882, 886 (2d Cir. 1990), *cert. denied*, 498 U.S. 850 (1990).  Because Linden's claims against the arbitrator relate solely to the arbitral process, Zonderman has immunity from civil liability and his motion to dismiss the petition as to him is thus granted.

        D.        <u>Linden's Claims Against the Union and The Sharing Community Fail</u>

Linden alleges that The Sharing Community terminated his employment in violation of the CBA and that the Union did not fairly represent him during the subsequent arbitration.  As set forth above, Linden originally brought this action in New York State Supreme Court pursuant to C.P.L.R. Article 78.  However, his state law claims are preempted by federal labor law.  *See* Labor Management Relations Act ("LMRA") § 301(a), 29 U.S.C. § 185(a); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor union'"); *Wynn v. AC Rochester*, 273 F.3d 153, 157-58 (2d Cir. 2001); *Tucker v. American Building Maintenance*, 451 F. Supp. 2d 591, 594 (S.D.N.Y 2006).  Accordingly, this Court construes Linden's claims as a so-called "hybrid" action against his

employer for breach of the CBA and his union for breach of the duty of fair representation.  *See* 29 U.S.C. § 185(a); *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 164-65 (1983).[1]

Reading Linden's complaint in the light most favorable to him and drawing all reasonable inferences in his favor, this Court finds no basis for granting him relief.  Linden's claims against the Union and his employer are interdependent.  Plaintiff must prove both a breach of the duty of fair representation and a breach of the CBA to prevail on his hybrid claim.  *See DelCostello*, 462 U.S. at 165; *Carrion v. Enterprise Ass'n, Metal Trades Branch Local Union 638*, 227 F.3d 29, 33 (2d Cir. 2000).  In other words, if plaintiff cannot show that he was deprived of fair representation in the arbitration process—which under the CBA is final and binding—then this Court cannot, pursuant to section 301, disturb the arbitrator's interpretation of the CBA.  Federal law favors the resolution of labor disputes by the means agreed to by the parties.  *See* 29 U.S.C. § 173(d) ("Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement.").

Linden must show that District Council breached its duty of fair representation.  "To establish a breach of duty of fair representation '[t]he union's conduct must, first, have been arbitrary, discriminatory or in bad faith, and second, it must have seriously undermine[d] the arbitral process.'"  *Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003) (citing *Barr v. United Parcel Serv.*, 868 F.2d 36, 43 (2d Cir. 1989)); *see also Tucker v. Am. Bldg. Maint.*, 451

---

[1] Contrary to what defendants argue, Linden's suit is not time-barred, because federal law provides a six-month limitations period for a hybrid claim against both an employer and a union.  *See DelCostello*, 462 U.S. at 155.  Such a claim does not accrue until an arbitrator's unfavorable decision.  *See Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 164 (2d Cir. 1989).  Here, the Arbitration Award was issued on September 16, 2009, and Linden filed his lawsuit on February 5, 2010, fewer than six months after the award was made.  Linden's hybrid claim thus is timely.

F.Supp.2d 591, 595 (S.D.N.Y. 2006) (describing standards for plaintiff to show breach of duty of fair representation as "onerous" and a "high bar").  Linden alleges that the Union denied him an opportunity to read the January 31, 2008 settlement agreement that he alleges he was fraudulently induced to sign.  However, Linden acknowledges that he revoked any purported acceptance of this agreement and elected to proceed with arbitration.  Plaintiff fails to allege facts setting forth a plausible claim that the abandoned settlement agreement in any way "seriously undermined" the subsequent arbitral process.  *Mack*, 326 F.3d at 129.

District Council represented Linden throughout the arbitration.  In Linden's defense, the union put forward a host of arguments which the arbitrator considered—and ultimately rejected.  Linden's allegation that the District Council neglected to produce at the hearings certain witnesses he requested is insufficient to support a claim that the union breached its duty to him.  Failure to offer particular evidence or advance particular arguments does not constitute a violation of the duty of fair representation.  *See Barr*, 868 F.2d at 42-23; *Tucker*, 451 F. Supp. 2d at 596.  Linden further alleges that the District Council breached its duty by requesting a thirty-day extension of time to submit briefs, thereby delaying a resolution of his grievance.  However, nothing in Linden's numerous submissions to the Court raises the inference that this conduct was "arbitrary, discriminatory or in bad faith" or "seriously undermined the arbitral process." *Mack*, 326 F.3d at 129.

Because Linden has not alleged sufficient facts to support a breach of his fair representation claim against his union, his hybrid claim against District Council and The Sharing Community must fail.  The Union and The Sharing Community's motions to dismiss are therefore granted.

### III.  CONCLUSION

Because (1) the NLRB General Counsel's decision to dismiss Linden's unfair labor practice charge is unreviewable, (2) the arbitrator has absolute immunity for alleged infirmities in the arbitration process, and (3) plaintiff has failed to state a hybrid claim against the Union and The Sharing Community, this Court grants defendants' motions to dismiss the petition.

Dated: New York, New York
July 7, 2010

SO ORDERED:

/s/ Sidney H. Stein

Sidney H. Stein, U.S.D.J.